UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 07 0992** 

------------------------------------------------X

IRVIN B. KRUKENKAMP, M.D.,

                Plaintiff,

    -against-    (S.I.)

THE STATE UNIVERSITY OF NEW YORK AT STONY BROOK, THE STONY BROOK UNIVERSITY MEDICAL CENTER, STEVEN L. STRONGWATER, M.D., in his capacity as Chief Executive Officer of the Stony Brook University Medical Center, THOMAS BIANCANIELLO, M.D., individually and in his capacity as Chief Medical Officer of the Stony Brook University Medical Center, RICHARD FINE, M.D., individually and in his capacity as Dean of the Stony Brook University School of Medicine at the Stony Brook University Medical Center, JOHN RICOTTA, M.D., individually and in his capacity as Chair of the Department of Surgery at the School of Medicine at SUNY Stony Brook and Chief of Surgery at the Stony Brook University Medical Center, TODD ROSENGART, M.D., in his capacity as Chief of the Division of Cardiothoracic Surgery in the Department of Surgery at Stony Brook University Medical Center and SHIRLEY STRUM KENNY, Ph.D individually and in her capacity as President of the State University of New York at Stony Brook, and also in her capacity as Governing Body of the Stony Brook University Medical Center.

                Defendants,

------------------------------------------------X

CV- 07-_____

**COMPLAINT WITH REQUEST FOR TRIAL BY JURY**

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★   MAR 08 2007   ★

LONG ISLAND OFFICE

**PLATT, J.**

**WALL, M.J.**

The Plaintiff, Irvin B. Krukenkamp, M.D. ("Dr. Krukenkamp"), by his attorneys Glynn Mercep and Purcell, LLP, as and for his Complaint against the Defendants named above, brings the following allegations of the Defendants' retaliation for Dr. Krukenkamp's exercise of First Amendment protected speech on matters of serious public concern and the Defendants' failure to accord Dr. Krukenkamp's rights to Due Process; this Complaint seeks immediate equitable relief from the immediate and irreparable harm those retaliatory actions and deprivations are causing as well as compensatory and punitive damages for the Defendants' bad-faith actions in depriving Dr. Krukenkamp of his constitutional rights and similarly the Defendants' bad-faith actions in punishing Dr. Krukenkamp for his lawful and necessary exercise of his First Amendment rights.

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

The Parties to this Civil Action

1. Irvin B. Krukenkamp, M.D., FACS, FAHA is a board-certified cardiothoracic surgeon, and current staff member of the Division of Cardiothoracic Surgery at the Defendant Stony Brook University Medical Center. ("Defendant SBUMC"). Dr. Krukenkamp is also currently the Associate Dean of the School of Medicine at the Defendant SBUMC, and a tenured Professor of Surgery, Physiology and Biophysics at the State University of New York at Stony Brook.

2. Defendant Richard Fine, M.D. ("Defendant Fine") is, upon information and belief, the Dean of the School of Medicine at the Defendant SBUMC and the Defendant State University of New York at Stony Brook. Upon information and belief, Defendant Fine has oversight and control of all hospital practices, procedures and policies as well as oversight of all staff membership and the medical privileges consequent upon that membership at the Defendant SBUMC because the Chief Executive Officer of the Defendant SBUMC reports directly to Defendant Fine.

3. Upon information and belief, Defendant Fine, at all times relevant to this Complaint, held and continues to hold these positions as well as being the Chair of Pediatrics at Defendant SBUMC, a department substantially affected by the Department of Health's closure of the Pediatric Heart Surgery Program at the Defendant SBUMC.

4. Upon information and belief, Defendant Steven L. Strongwater, M.D. ("Defendant Strongwater") is the Chief Executive Officer of the Defendant SBUMC, with oversight over the entire credentialing process and oversight over the Chief Medical Officer of the Defendant SBUMC.

5. Upon information and belief, Defendant Strongwater became the CEO at the Defendant SBUMC on or about January 1, 2007 and has held the position of CEO at all times relevant to this Complaint.

6. Defendant Thomas Biancaniello, M.D., ("Defendant Biancaniello") is, upon information and belief, the Medical Director and Chief Medical Officer ("CMO") of the Defendant SBUMC, and also Chief of Pediatric Cardiology; a Division in the Department of Pediatrics

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

2

substantially affected by the Department of Health's closure of the Pediatric Heart Surgery Program.

7. Upon information and belief, Defendant Biancaniello held and continues to hold these positions at all times relevant to this Complaint.

8. Defendant John Ricotta, M.D., ("Defendant Ricotta") is, upon information and belief, the Chair of the Department of Surgery at the School of Medicine and also at the Defendant SBUMC.

9. Upon information and belief, Defendant Ricotta held and continues to hold these positions at all times relevant to this Complaint.

10. Defendant Todd Rosengart, M.D. ("Defendant Rosengart") is, upon information and belief the Chief of the Division of Cardiothoracic Surgery at the Defendant SBUMC and similarly upon information and belief has oversight over staff membership in his Division of Cardiothoracic Surgery and the privileges consequent upon that membership at the Defendant SBUMC.

11. Upon information and belief, Defendant Rosengart, at all times relevant to this Complaint, held and continues to hold these positions.

12. Defendant Shirley Strum Kenny, Ph.D ("Defendant Kenny") is, upon information and belief, the President of the State University of New York at Stony Brook and the "Governing Body" of the Defendant SBUMC; as such, upon information and belief, Defendant Kenny has ultimate oversight over staff membership at the Defendant SBUMC and the privileges consequent upon that staff membership.

13. Upon information and belief, Defendant Kenny has the ultimate responsibility for the operations of the State University of New York at Stony Brook, and significantly, the Defendant SBUMC as well.

14. Upon information and belief, Defendant Kenny, at all times relevant to this Complaint, held and continues to hold these positions.

15. Upon information and belief, all of the Defendants named above are currently and

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

3

have been at all times relevant to this Complaint, citizens of the United States and residents of the State of New York.

16. Upon information and belief, at all times relevant to this civil action, the Defendants acted under the color of the laws of the State of New York, as officers, agents and employees of the State University of New York at Stony Brook and the Defendant SBUMC, and as such are considered state actors.

17. Upon information and belief, the Defendant State University of New York at Stony Brook ("Defendant SUNY Stony Brook") was and is a public employer located in Stony Brook, Suffolk County, in the State of New York.

18. Upon information and belief, the Defendant Stony Brook University Medical Center (previously defined as "Defendant SBUMC") is a hospital subject to regulation under federal and state law; the Defendant SBUMC was previously titled "Stony Brook University Hospital."

This Honorable Court Has Jurisdiction Over the Causes of Action Brought by Dr. Krukenkamp

19. This Court has jurisdiction over this civil action pursuant to 42 U.S.C. § 1983 and to 28 U.S.C. § 1343 (3) and (4) because this is a civil action brought against the Defendants seeking immediate equitable relief from irreparable harm as well as compensatory and punitive damages for the deprivation of Dr. Krukenkamp's rights to Due Process under the Fifth and Fourteen Amendments to the Constitution of the United States, as well as for the Defendants' retaliation against Dr. Krukenkamp for his lawful exercise of his First Amendment rights.

20. This Court similarly has jurisdiction over the common-law claims in this action pursuant to 28 U.S.C. § 1367 providing for supplemental jurisdiction over these claims.

Venue is Properly Laid in this Court

21. Venue is properly laid in this Honorable Court because the Defendant state actors deprived Dr. Krukenkamp of his Due Process rights and retaliated against him causing irreparable

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

4

harm in Suffolk County, in the State of New York; as such, the depredations complained of in this civil action occurred within the Eastern District of New York.

### The Facts Support Dr. Krukenkamp's Respectful Request for Immediate Equitable Relief to Prevent the Defendants From Further Damaging Dr. Krukenkamp's Impeccable Reputation and Career as a Heart Surgeon

### Background to the Events of Deprivation and Retaliation

22. Recruited from his position as a rising star in the Harvard Medical School system, Dr. Krukenkamp came to the Defendant SBUMC in 1997 as Chief of the Division of Cardiothoracic Surgery, Co-Director of the Heart Hospital and a tenured Professor at the State University of New York in the Departments of Surgery, Physiology and Biophysics within the Medical School.

23. Both former Dean of the Medical School Norman Edelman, M.D., and former CEO of the SBUMC, Bruce Schroffel identified Dr. Krukenkamp as a strong clinical leader and promoted him to Director of the Heart Center; Dean Edelman also extended Dr. Krukenkamp's contract of employment for 5 years until August 31, 2005.

24. In late 2003, Dr. Krukenkamp raised serious concerns regarding the viability of the Pediatric Heart Surgery program at the Defendant SBUMC, specifically by letter to then-CEO Schroffel regarding the death of a baby following surgery in that program, as well as serious breaches of patient safety and quality of patient care.

25. Despite himself having given Dr. Krukenkamp positive reviews, ex-CEO Schroffel attempted to fire Dr. Krukenkamp, resulting in a federal civil action.

26. That action settled in September of 2005 by Stipulation of Settlement, contractually entitling Dr. Krukenkamp to, *inter alia*, a promotion to Associate Dean of the School of Medicine, continuing full and unrestricted staff membership at the Defendant SBUMC and in the Division of Cardiothoracic Surgery and a continuation of his tenured Professorship of Surgery, Physiology and Biophysics at SUNY Stony Brook. (Please refer to Stipulation of Settlement, annexed hereto as Exhibit "A")

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

5

27. A further provision of that Settlement is Dr. Krukenkamp's entitlement to Presidential (Title "F") Leave for the entirety of 2007 pursuant to the Policies of the Board of Trustees of SUNY; leave that affords Dr. Krukenkamp the freedom to pursue important research in, *inter alia*, Molecular Cardiology without in any way interfering with his full staff membership and privileges at the Defendant SBUMC and in the Division of Cardiothoracic Surgery. (Please refer to the Policies of the SUNY Board of Trustees, annexed to this Complaint as Exhibit "C")

28. Dr. Krukenkamp's contractual entitlement to continued full staff membership brings with it entitlement to privileges to admit, consult, and operate on patients without any restriction or other administrative consent. (Please refer to Exhibit "B", the Medical Bylaws of the Defendant SBUMC)

29. Dr. Krukenkamp's contractual right to continue to treat and minister to his patients at the Defendant SBUMC and to treat at the Defendant SBUMC any person who desires Dr. Krukenkamp's skills and services sets the backdrop for both the Defendants' unlawful retaliation against Dr. Krukenkamp for protected speech, as well as the Defendants' bad-faith deprivation of his civil right to due process.

<u>Dr. Krukenkamp Exercised His Right to Protected Speech in the News Media Which, Upon Information and Belief, Caused a Further Department of Health Investigation and the Closing of the Pediatric Cardiac Surgery Program at the Defendant SBUMC a Closure That Reflected Poorly on the Defendants</u>

30. Throughout mid 2006, Dr. Krukenkamp was the subject of interviews by members of both the print and video news media.

31. In those interviews, Dr. Krukenkamp preserved the privacy rights of all individuals, but forthrightly stated his serious concerns about the viability and safety of the Pediatric Cardiac Surgery Program at the Defendant SBUMC.

32. Upon information and belief, the public clamor following Dr. Krukenkamp's honest comments on matters of serious public concern in the news media caused the New York State Department of Health to investigate the Pediatric Cardiac Surgery Program at Defendant SBUMC,

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

6

with the result that the State DOH closed that program, ordering the Pediatric Heart Surgery Program to "cease and desist" as well as citing the Defendant SBUMC for 36 violations of public health code, significantly related to compromises of patient safety in pediatric care.

33. Upon information and belief, the closure of the Pediatric Heart Surgery Program by the New York State Department of Health reflected poorly on the Chair of Pediatrics, Defendant Fine, the Chief of Pediatric Cardiology, Defendant Biancaniello, and the Chair of Surgery, Defendant Ricotta, as well as upon the other Defendants including Defendant Kenny.

34. Upon information and belief, the Defendants retaliated against Dr. Krukenkamp for his speech, despite the clear vindication of that speech by the Department of Health's unequivocal actions, demonstrating by the closure of the program that Dr. Krukenkamp's fears about that program were matters of serious public concern and therefore protected under the First Amendment.

35. The Defendants further deprived Dr. Krukenkamp of his civil right to due process in further retaliation for his protected speech; without notice of any kind, the Defendants surreptitiously deleted Dr. Krukenkamp from their website, directories and publications despite his "full staff membership", and denied him the privilege to see his patients despite that right being part and parcel of "full staff membership" according to the Defendants' own bylaws.

<u>The Factual Chronology of the Defendants' Retaliation and Deprivation</u>

36. As specified in the contract settling the prior civil action, Dr. Krukenkamp is entitled to take Presidential Leave under Title "F" of the Policies of the SUNY Board of Trustees, entitlement to that leave to commence on January 1, 2007.

38. As demonstrated by reference to those Policies at Exhibit "C", Dr. Krukenkamp's staff membership is unaffected by his entitlement to Presidential Leave, and similarly by reference to the Medical Bylaws at Exhibit "B", it is unequivocal that Dr. Krukenkamp's staff membership

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

7

entitles him to full privileges to see patients at his clinic at the Defendant SBUMC, as well as to operate on patients at the Defendant SBUMC, should he choose to do so. (Please refer to Exhibit "B")

39. Nevertheless, upon information and belief, on or about January 2nd, 2007, Defendant Rosengart, in his capacity as current Chief of Cardiothoracic Surgery, instructed non-party Karen Sanders, a Registered Nurse and the Clinical Coordinator for Cardiothoracic Surgery (charged with booking patients for operations and outpatient visits among other responsibilities) that effective immediately, Nurse Sanders was <u>not to book any patients for Dr. Krukenkamp, either for operations or even for simple clinic visits</u>.

40. Nurse Sanders communicated this event to Dr. Krukenkamp and additionally related that an administrator in the Department of Surgery had specifically told her that <u>under no circumstances</u> was she to book any more patients for Dr. Krukenkamp, a dramatic and unannounced change in the *status quo*.

41. Immediately thereafter, Dr. Krukenkamp's attorneys discussed this change in his status and the denial of his attempts to minister to his patients with the Office of the Attorney General of the State of New York, representing the Defendants, by Assistant Attorney Generals Christine Ryan, Esq., and Valerie Singleton, Esq.

42. Assistant Attorney General Singleton wrote and sent a letter dated January 11, 2007 attempting to change the *status quo*, claiming that Dr. Krukenkamp's privileges were now "inactive", despite the fact that his contractual full staff membership unequivocally carries with it full privileges to admit, see and operate on patients as he sees fit, and similarly and bizarrely despite the fact that "inactive" is not a recognized category of privileges. (Please refer to the letter of Assistant Attorney General Singleton, dated January 11, 2007, annexed hereto as Exhibit "D")

43. Dr. Krukenkamp, through his attorneys, wrote a letter dated February 7, 2007 confirming a conversation with Assistant Attorney General Christine Ryan, Esq, who stated that Dr.

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

8

Krukenkamp's full staff membership and privileges at the Defendant SBUMC were unchanged, despite the Singleton letter dated January 12, 2007 stating those privileges were suddenly "inactive." Please refer Dr. Krukenkamp's letter, dated February 7, 2007 annexed as Exhibit "E")

44. Subsequently, Assistant Attorney General Christine Ryan wrote and sent a letter dated February 9, 2007 stating that the Defendants were abiding by the terms of the contractual settlement, which provides for full staff membership and privileges. (Please refer to the letter of Assistant Attorney General Ryan, dated February 9, 2007, annexed hereto as Exhibit "F")

45. Armed with this clarification from the Office of the Attorney General of the State of New York, Dr. Krukenkamp again sought to treat his patients at the Defendant SBUMC, only to be rejected by Defendant Rosengart who failed to return Dr. Krukenkamp's telephone calls.

46. Dr. Krukenkamp sent an email to Defendant Rosengart asking for clarification whereupon Defendant Rosengart stated he would defer to Defendant Fine as Dean of the Medical School. (Please refer to Dr. Krukenkamp's email dated February 14, 2007, and Defendant Rosengart's response, dated February 15, 2007, annexed hereto as Exhibit "G")

47. On February 15, 2007, Dr. Krukenkamp wrote to Defendant Fine asking for an explanation of the sudden and unannounced denial of his requests to consult and treat his patients at the Defendant SBUMC. (Please refer to Dr. Krukenkamp's letter, annexed hereto as Exhibit "H")

48. No reply was received from Defendant Fine, but a letter was received from Assistant Attorney General Valerie Singleton, dated February 20, 2007, claiming that Dr. Krukenkamp's privileges were now "inactive" in clear abrogation of the contract of settlement providing Dr. Krukenkamp full staff membership until December 31, 2007. (Please refer to Singleton letter dated February 20, 2007, annexed hereto as Exhibit "H")

49. Assistant Attorney General Singleton's letter demonstrates the Defendants' sudden and surreptitious attempt to change the *status quo* because Dr. Krukenkamp's ability to see, treat and/or operate on patients was unimpaired on December 31, 2006, but suddenly and without any

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

9

notice or process of any kind, Dr. Krukenkamp's attempts to see patients in January and February of 2007 were rejected by the Defendants.

50.     This change in the *status quo* belies Ms. Ryan's and Ms. Singleton's letters claiming that the Defendants took no action against Dr. Krukenkamp.

51.     The Defendants deprived Dr. Krukenkamp of his good standing in the academic and surgical communities without due process of any kind, and in pure and direct retaliation for his protected speech on matters of public concern in the news media, speech vindicated by the actions of the New York State Department of Health.

### Dr. Krukenkamp's Biography and Photograph Are Deleted From Defendant SBUMC's Website, Directories and "Find a Doctor" Directories and Dr. Krukenkamp is Eliminated from a Widely-Circulated Department of Surgery Publication Despite that Issue's Dedication to Cardiothoracic Surgery at Defendant SBUMC; These Bad-Faith Actions Render Dr. Krukenkamp "Invisible" to Patients, the Cardiology Referral Base, and Prospective Future Employers

52.     Additionally demonstrating the Defendants' bad-faith actions, Dr. Krukenkamp's photograph and biography have been deleted from the Defendant SBUMC's website, directories and even the public "Find a Doctor" directories, despite the undisputed fact that Dr. Krukenkamp retains his full staff membership and privileges at the Defendant SBUMC, a fact announced by the Attorney Generals' own letters.

53.     Further, a widely-circulated (e.g., 20,000+) Department of Surgery publication called "Post-Op", in an issue dealing specifically with Cardiothoracic surgery at the Defendant SBUMC directed toward referring physicians in Suffolk County, eliminated all mention of Dr. Krukenkamp, despite his retention of full staff membership and his ongoing and clinically important research.

### Dr. Krukenkamp's Impeccable Reputation and Career are Suffering Irreparable Harm as the Result of the Defendants' Bad-Faith Actions Because Those Deleterious Actions Render Dr. Krukenkamp "Invisible" to the Patient Public, the Referral Base of Area Cardiologists and Internists, and Finally Render Him Invisible to Any Prospective Future Employers

54.     Despite his contractual entitlement to full staff membership with the concomitant privileges of a surgical staff member in the Division of Cardiothoracic Surgery (to examine, treat

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

10

and if necessary, operate on patients), the Defendants' are currently attempting to disturb the *status quo* by barring Dr. Krukenkamp from seeing patients.

55. Similarly disruptive of the *status quo* and in retaliation for Dr. Krukenkamp's vindicated public speech, the Defendants surreptitiously deleted his name, titles and positions from the Defendants' websites, their "Find a Doctor" directory, and, despite his undisputed full staff membership in the Division of Cardiothoracic Surgery, Dr. Krukenkamp is conspicuously absent from a Department of Surgery publication dealing with that Division of Cardiothoracic Surgery and intended for the Defendant SBUMC's cardiology referral base in the community.

56. Upon information and belief, that publication titled "Post-Op", and the Stony Brook University Physicians' "Find a Doctor" directory are both under the control of Defendant Ricotta in his capacities as Chairman of Surgery and President of the Stony Brook University Physicians' Practice Plan.

57. The immediate irreparable harm resulting from the Defendants' bad-faith actions includes Dr. Krukenkamp's invisibility to future employers as the result of his surreptitious deletion from every public directory maintained by the Defendants; a critical invisibility because it substantially and irreparably affects Dr. Krukenkamp's ability to gain another position in his field.

58. Further irreparable harm resulting directly from the Defendant's bad-faith actions is the crucial fact that any interruption in Dr. Krukenkamp's full staff membership and concomitant privileges is severely, substantially and irreparably harming his ability to gain another position and thereby to continue as a leading academic cardiothoracic surgeon because any such "interruption" must be explained at length to any potential employer.

59. Further, in the small, close-knit academic community of cardiothoracic surgeons, Dr. Krukenkamp's absence from the Defendant SBUMC website, directories and publications has been and will continue to be noticed with consequent substantial, irrevocable and irreparable harm to his reputation and viability as a medical practitioner and professor of surgery.

60. Finally, the Defendants' retaliatory motives in unlawfully interrupting Dr.

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

11

Krukenkamp's full staff membership has substantially deleterious effects on his ability to function as a heart surgeon because that function requires ongoing fluency and repetition; practice that the Defendants' process-less and retaliatory punishments prevent.

### As and For a First Cause of Action as Against All Defendants for Failure to Accord Dr. Krukenkamp His Constitutional Right to Due Process

61. The Plaintiff, Irvin B. Krukenkamp, M.D., repeats and realleges each and every allegation contained within the foregoing paragraphs numbered one (1) through sixty (60) with the same force and effect as if each had been reiterated here at length.

62. It is indisputable that Dr. Krukenkamp's full staff membership and concomitant privileges to see, admit and operate on any patient as he alone sees fit are property rights as defined by the Fifth and Fourteenth Amendments to the Constitution of the United States.

63. It is similarly indisputable that Dr. Krukenkamp possesses full staff membership at the Defendant SBUMC, because reference to the Attorney General's letters and to the contract of settlement announce that status.

64. It also indisputable that the Defendants' own medical bylaws demonstrate that full staff membership carries concomitant privileges to admit, treat and operate on patients.

65. The Attorney General's letters representing the Defendants clearly state, however, that Dr. Krukenkamp's privileges are suddenly "inactive", a dramatic and harmful change in the *status quo*.

66. The Defendants failed to follow even their own bylaws and accord Dr. Krukenkamp notice and due process before attempting to interrupt and change the *status quo* to deprive him of his constitutional property and liberty rights.

67. Dr. Krukenkamp is currently sustaining daily irreparable harms and damages as the result of the Defendants' deprivation of due process; this Honorable Court's equitable relief is necessary to preserve the *status quo* and prevent irreparable harm.

68. Dr. Krukenkamp has no adequate remedy at law.

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

<u>As and For a Second Cause of Action as Against All Defendants for Retaliation Against Dr. Krukenkamp for His Exercise of First Amendment Rights to Speech on Matters of Serious Public Concern</u>

69. The Plaintiff, Irvin B. Krukenkamp, M.D., repeats and realleges each and every allegation in the foregoing paragraphs numbered one (1) through sixty-eight (68) as if each had been reiterated here at length.

70. The Defendants' actions in barring Dr. Krukenkamp from admitting, treating or operating on patients, and in bizarrely characterizing his staff membership and concomitant privileges "inactive" despite that term's non-existence in any Bylaw are taken, upon information and belief, in unlawful and direct retaliation for Dr. Krukenkamp's speech in the media on matters of serious public concern; speech that qualifies as protected by virtue of the Department of Health's 36 citations to the Defendant SBUMC and "cease and desist" order to the Pediatric Heart Surgery Program.

70. Upon information and belief, the Department of Health's actions, taken to prevent further violations of public health code, compromises of patient safety and preventable deaths resounded negatively to the Defendants.

71. The Defendants' retaliation against Dr. Krukenkamp is causing daily irreparable harm and damages to Dr. Krukenkamp's reputation and standing in the medical and academic communities, and causing substantial, irrevocable and irreparable harm to Dr. Krukenkamp's future and ability to earn a living in his chosen profession.

72. Dr. Krukenkamp has no adequate remedy at law.

<u>As and For a Third Cause of Action for Breach of Contract as Against All Defendants</u>

73. The Plaintiff, Irvin B. Krukenkamp, M.D., repeats and realleges each and every allegation in the foregoing paragraphs numbered one (1) through seventy-two (72) as if each had been reiterated here at length.

74. By Stipulation of Settlement, the Defendants contractually promoted Dr. Krukenkamp to Associate Dean of the State University at Stony Brook School of Medicine, and

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

13

extended his full staff membership through to and including the end of 2007, including concomitant full clinical privileges as announced in the Defendant SBUMC's Medical Bylaws.

75. In direct retaliation for Dr. Krukenkamp's protected speech in the media about matters of serious public concern, the Defendants breached that contract by refusing to allow Dr. Krukenkamp to treat patients, bizarrely characterizing Dr. Krukenkamp's full staff membership and privileges "inactive" (a non-existent status the Defendants' bylaws do not recognize) and deleting him from all public directories despite his undisputed full staff membership at the Defendant SBUMC and his tenured Professorships.

76. The Defendants' actions breaching their contract with Dr. Krukenkamp are causing daily irreparable harm to Dr. Krukenkamp, and causing him to sustain damages the value of which is currently unknown but will be proven at trial.

**WHEREFORE**, the Plaintiff, Irvin B. Krukenkamp, M.D., respectfully requests the Judgment of this Honorable Court granting:

A) a Permanent Injunction enjoining, restraining and barring the Defendants from any acts adversely affecting Dr. Krukenkamp's titles, status or rights and privileges concomitant with his full staff membership at the Defendant SBUMC in the Division of Cardiothoracic Surgery; and,

B) a Permanent Injunction enjoining, restraining and barring the Defendants from any acts adversely affecting Dr. Krukenkamp's titles, rights or status as the Associate Dean of the School of Medicine and a Professor of Surgery, Physiology and Biophysics; and,

C) a Permanent Injunction barring the Defendants and each of them from interrupting Dr. Krukenkamp's full staff membership at the Defendant SBUMC or in any way interfering with his full clinical privileges at the Defendant SBUMC and in the Division of Cardiothoracic Surgery; and,

D) a Permanent Injunction directing the Defendants to immediately cease and desist attempts to change the *status quo* by restoring and maintaining Dr. Krukenkamp's name, titles and

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

positions to the Defendants' website, directories and publications; and,

        E) an award to Dr. Krukenkamp of compensatory damages for the harms and depredations worked by the Defendants to his career and reputation; and,

        F) an award to Dr. Krukenkamp of punitive damages for those same damages, harms and depredations by the Defendants to his career and reputation in an amount to be determined at the trial of this action; and,

        G) an award to Dr. Krukenkamp of his attorneys fees pursuant to 42 U.S.C. § 1988(b), together with costs and disbursements; and,

        H), such other, further and/or different relief as this Court considers just, equitable and appropriate.

Dated: Stony Brook, New York
       March 8, 2007

                      Respectfully submitted:

                      GLYNN, MERCEP and PURCELL, LLP
                      Attorneys for Dr. Krukenkamp
                      North Country Road
                      Post Office Box 712
                      Stony Brook, New York 11790
                      (631) 751-5757

By: *[signature]*
     Bradley C. Abbott (BA0933)

Respectful Request for Trial by Jury

        Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff, Irvin B. Krukenkamp, M.D., hereby respectfully requests a trial by jury of all issues in this matter.

Dated: Stony Brook, New York
       March 5, 2007

                      *[signature]*
                      Bradley C. Abbott (BA0933

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF SUFFOLK )

**IRVIN KRUKENKAMP,** being duly sworn, deposes and says:

1. I am a Plaintiff in the foregoing action.

2. I have read the foregoing Complaint and know the contents to be true to my own knowledge, except as to the matters stated to be alleged on information and belief and I believe those matters to be true.

_____
IRVIN KRUKENKAMP

Sworn to before me this
____ day of March, 2007.

_____
Notary Public

LAURIE L. SIMON
NOTARY PUBLIC, State of New York
No. 01SI6087517
Qualified in Suffolk County
Commission Expires Feb. 18, 2007

KrukVerif.wpd

GLYNN MERCEP
AND PURCELL, LLP
NORTH COUNTRY ROAD
P.O. BOX 712
STONY BROOK, N.Y. 11790-0712
(631) 751-5757