FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUL 08 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IRVIN B. KRUKENKAMP, M.D.,

                Plaintiff,

-against-

THE STATE UNIVERSITY OF NEW YORK AT STONY BROOK, *et al.*,

                Defendants.
-----------------------------------------------------------x

Civil Action No.
07-CV-992 (LDW) (WDW)

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

WHEREAS, on February 10, 2004, Plaintiff Irvin B. Krukenkamp ("Plaintiff") commenced his previous federal action against the State University of New York at Stony Brook, *et al.*, by filing a complaint in the United States District Court for the Eastern District of New York (Case Number 04-CV-569 (TCP) (WDW)); and

WHEREAS the defendants in Plaintiff's previous federal action expressly denied any wrongful conduct or liability, or violation of any law, statute or ordinance whatsoever;

WHEREAS the parties to Plaintiff's previous federal action entered into a Stipulation of Settlement, General Release and Order of Dismissal on September 22, 2005; and

WHEREAS, on March 8, 2007, Plaintiff commenced the above-captioned action against The State University of New York at Stony Brook; The Stony Brook University Medical Center; Steven L. Strongwater, M.D., in his capacity as Chief Executive Officer of the Stony Brook University Medical Center; Thomas Biancaniello, individually and in his capacity as Chief Medical Officer of the Stony Brook University Medical Center; Richard Fine, M.D., individually and in his capacity as Dean of the Stony Brook University School of Medicine at the Stony Brook University Medical Center; John Ricotta, M.D., individually and in his capacity as Chair of the Department of Surgery at the School of Medicine at SUNY Stony Brook and Chief of

Surgery at the Stony Brook University Medical Center; Todd Rosengart, M.D., in his capacity as Chief of the Division of Cardiothoracic Surgery in the Department of Surgery at Stony Brook University Medical Center; and Shirley Strum Kenny, Ph.D, individually and in her capacity as President of the State University of New York at Stony Brook, and also in her capacity as Governing Body of the Stony Brook University Medical Center [sic]; and

WHEREAS the defendants expressly deny any wrongful conduct or liability, or violation of any law, statute or ordinance whatsoever; and

WHEREAS, on April 12, 2013, the Court signed an order in which Plaintiff discontinued all claims against Defendants Steven L. Strongwater, Thomas Biancaniello, Richard Fine and Shirley Strum Kenny in their individual capacities but not in their official capacities (Docket Entry Number 111); and

WHEREAS the parties entered into a separate stipulation dismissing all claims against (i) Defendant Todd Rosengart, whom Plaintiff sued in his official capacity only, and (ii) Defendant John Ricotta in his official capacity and not in his individual capacity; and

WHEREAS, while this action was pending, each individual defendant who was sued in his or her official capacity resigned or otherwise ceased to hold office, and thus his or her successor was automatically substituted as a party solely in his or her official capacity pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, as set forth below:

| Original Individual Defendant Sued in his or her Official Capacity | Successor |
|---|---|
| Shirley Strum Kenny, in her capacity as President of the State University of New York at Stony Brook and as Governing Body of the Stony Brook University Hospital | Samuel L. Stanley Jr., M.D. |
| Steven L. Strongwater, in his capacity as Chief Executive Officer of the Stony Brook University Medical Center | L. Reuven Pasternak, M.D. |
| Thomas Biancaniello, in his capacity as Chief Medical Officer of the Stony Brook University Medical Center | Todd Griffin, M.D. |

| Original Individual Defendant Sued in his or her Official Capacity | Successor |
|---|---|
| Richard Fine, M.D., in his capacity as Dean of the Stony Brook University School of Medicine at the Stony Brook University Medical Center | Kenneth Kaushansky, M.D. |

WHEREAS the jury was selected for this action on April 15, 2013; and Plaintiff, after seeking and obtaining a one-day postponement of the trial, sought to settle this action prior to opening statements on April 18, 2013; and

WHEREAS the Plaintiff and the defendants desire to fully resolve this action and any and all other disputes, whether known or unknown, without further litigation; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff and the defendants:

1. This action is hereby dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The dismissal with prejudice includes all claims against each defendant, including each institutional defendant and each individual defendant in his or her official and individual capacities.

2. All claims and all counterclaims in the New York State Court of Claims case captioned *Krukenkamp v. State of New York*, Claim Number 121016, are hereby discontinued with prejudice pursuant to New York Civil Practice Law and Rules 3217(a)(2), and without fees or costs to any party as against the other. This agreement may be filed without further notice with the Clerk of the New York State Court of Claims.

3. For and in consideration of the dismissal of this action with prejudice, the discontinuance of the Court of Claims case with prejudice, Plaintiff's releases set forth in paragraph 5, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State University of New York at Stony Brook shall cause to be paid the sum

of One Hundred Fifty Thousand Dollars ($150,000.00) to Plaintiff and Plaintiff's counsel, Glynn Mercep and Purcell, LLP, in full and complete satisfaction of (a) all claims, allegations or actions that Plaintiff had, has or may in the future have against the defendants, including the claims in this action and the Court of Claims case, and (b) all attorneys' fees, costs, disbursements and expenses incurred by Plaintiff in this action and any other claim or action, including the Court of Claims case. This payment shall be made to Irvin B. Krukenkamp, M.D. and Glynn Mercep and Purcell, LLP, c/o Glynn Mercep and Purcell, LLP, North Country Road, Post Office Box 712, Stony Brook, New York 11790.

4. The payment referenced in paragraph 3 of this agreement is subject to the approval of all appropriate state officials in accordance with Section 17 of the New York Public Officers Law. Such approval is expected within approximately 90 days after the New York State Office of the Attorney General receives the "so ordered" copy of this document.

5. _Plaintiff's Releases_. For and in consideration of the payment referenced in paragraph 3 of this agreement, the discontinuance of the State's counterclaims in the Court of Claims case, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns, hereby releases and forever discharges the defendants, and each and every of its former, present and future principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns (collectively, the "_Released Parties_") from any and all claims (*i.e.*, past, present and future) relating to or arising from Plaintiff's employment in any manner whatsoever. This release includes a waiver and release of any claims that Plaintiff asserted or could have asserted in this action, the Court of Claims case, and any other forum. Plaintiff's waiver and release of

4

any and all claims against the Released Parties is a material inducement for the defendants to enter into this agreement.

6. <u>Defendants' Releases</u>. For and in consideration of the dismissals referenced in paragraph 1 of this agreement, the discontinuance of Plaintiff's claims in the Court of Claims case, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the defendants hereby release and forever discharge Plaintiff, his heirs, executors, administrators, successors and assigns, from any and all claims (*i.e.*, past, present and future) relating to or arising from Plaintiff's employment in any manner whatsoever. This release includes a waiver and release of any claim that any defendant asserted or could have asserted in this action, the Court of Claims case, and any other forum.

7. <u>No Future Employment</u>. Plaintiff agrees and acknowledges that he has no wish or intention to, and will not, seek or apply for future employment with the State University of New York, including but not limited to any of its health science centers, colleges, institutes, divisions, professional corporations, Research Foundation and other related foundations, and affiliates (collectively, "<u>SUNY</u>"), and hereby waives any claim that may accrue to him in connection with any application for employment at SUNY. Plaintiff acknowledges that SUNY has no obligation whatsoever to hire, employ or contract with Plaintiff in the future. Should Plaintiff, in violation of this provision, seek or apply for employment at SUNY and initiate any form of claim or action against SUNY based on upon such application, the parties agree that any such claim or action will be dismissed with prejudice pursuant to this paragraph.

8. <u>No Admission of Liability</u>. The parties agree and acknowledge that any action taken and any payment made pursuant to this agreement are solely to avoid the burdens and expense of additional litigation; that this agreement and the actions taken pursuant hereto are not

to be construed as constituting any determination on the merits of any claims in this action or any other action, or as constituting any admission of wrongdoing or liability on the part of the defendants, the State of New York or its employees; and that defendants expressly deny any wrongdoing or liability. Nothing contained in this agreement shall be deemed to constitute a policy or practice of the State University of New York, the State University of New York at Stony Brook, Stony Brook University Hospital, or the State of New York.

9. <u>No Other Action Commenced</u>. Other than this action and the Court of Claims case referred to in paragraph 2 of this agreement, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against The State of New York, any of the defendants, or SUNY, whether on his own behalf and/or on behalf any other person(s), that is currently pending in any court or before any other entity, and acknowledges that this representation constitutes a material inducement for defendants to enter into this agreement.

10. <u>No Prevailing Party</u>. None of the parties to this action shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status.

11. <u>Successors and Assigns</u>. The terms and conditions of this agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

12. <u>Authority</u>. Each signatory to this agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this agreement.

13. <u>Voluntary Agreement</u>. Each of the parties executes and delivers this agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, content and effect. Each party acknowledges that she, he or it is aware of the right to seek the advice of an attorney and has been represented by counsel of her, his or its own choosing before agreeing to any settlement or release. Each party further acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of such party.

14. <u>No Precedential Value</u>. This agreement shall not in any manner be construed as determinative of the issues raised in this action or any other proceeding, including the Court of Claims case, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this agreement shall not bind or collaterally estop defendants, any constituent unit thereof, or the State of New York in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in such action or proceeding, or from advancing any defenses.

15. <u>Merger Clause</u>. This agreement encompasses the entire agreement between the parties, and supersedes all prior and current agreements of the parties with respect to the subject matter of this agreement. This agreement may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or authorized representatives of the parties hereto.

16. <u>Governing Law</u>. The terms of this agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contacts to be performed solely within the State of New York, except to the extent that federal law applies to the release and waiver of federal claims pursuant to paragraph 5 and/or paragraph 6 of this agreement.

7

17. <u>Sovereign Immunity</u>. This agreement shall not be construed to constitute a waiver of the sovereign immunity of the State of New York or the State University of New York.

18. <u>Headings</u>. The headings contained in this agreement are for convenience of reference only and are not a material part of this agreement.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this agreement and accept and agree to the provisions contained herein, and have each executed this agreement to be effective on April 18, 2013.

Dated: June __, 2013                    IRVIN B. KRUKENKAMP, M.D.

                                        _____
                                        Irvin B. Krukenkamp, M.D.

STATE OF New York
COUNTY OF Suffolk

Sworn before me this 19 of
June 2013

_____
Notary Public

LAURIE L. SIMON
NOTARY PUBLIC, State of New York
No. 01SI6087517
Qualified in Suffolk County
Commission Expires Feb. 18, 2015

Dated: June __, 2013                    GLYNN MERCEP & PURCELL, LLP
Stony Brook, New York                   Attorney for Plaintiff

                                        _____
                                        By: Timothy B. Glynn, Esq.
                                        North Country Road
                                        P.O. Box 712
                                        Stony Brook, NY 11790
                                        Telephone: (631) 751-5757

8

Dated: June 24, 2013

STATE UNIVERSITY OF NEW YORK AT STONY BROOK

By: Samuel L. Stanley Jr., M.D.
    President, Stony Brook University

STATE OF NEW YORK
COUNTY OF Suffolk

Sworn before me this 24th of June 2013

_____
Notary Public

EILEEN IPPOLITO
Notary Public, State of New York
No. 01IP6107577
Qualified in Suffolk County
Commission Expires 4/5/2016

Dated: June 24, 2013

STONY BROOK UNIVERSITY HOSPITAL

By: L. Reuven Pasternak, M.D.
    Chief Executive Officer of Stony Brook University Hospital

STATE OF NEW YORK
COUNTY OF Suffolk

Sworn before me this 24th of June 2013

_____
Notary Public

VICTORIA M. HAZAN
Notary Public, State of New York
No. 4905642
Qualified in Suffolk County
Commission Expires September 14, 2013

9

Dated: June 19, 2013

STONY BROOK UNIVERSITY MEDICAL CENTER

By: _____
Todd Griffin, M.D.
Chief Medical Officer

STATE OF NEW YORK
COUNTY OF SUFFOLK

Sworn before me this 19TH of
June 2013

_____
Notary Public

VICTORIA M. HAZAN
Notary Public, State of New York
No. 4905542
Qualified in Suffolk County
Commission Expires September 14, 2013

Dated: June 19, 2013

STONY BROOK UNIVERSITY SCHOOL OF MEDICINE

By: _____
Kenneth Kaushansky, M.D.
Dean of the Stony Brook University
School of Medicine

STATE OF NEW YORK
COUNTY OF SUFFOLK

Sworn before me this 19TH of
June 2013

_____
Notary Public

VICTORIA M. HAZAN
Notary Public, State of New York
No. 4905542
Qualified in Suffolk County
Commission Expires September 14, 2013

10

JOHN J. RICOTTA, M.D.

_____
John J. Ricotta, M.D.

STATE OF _____
COUNTY OF District of Columbia

Sworn before me this 24 of
June 2013

Albert L. Charles III
Notary Public, District of Columbia
My Commission Expires 4/30/2014

_____
Notary Public

Dated: June 24, 2013
       Mineola, New York

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*

_____
By: Valerie Singleton, Assistant Attorney
General in Charge
Nassau Regional Office
200 Old Country Road, Suite 240
Mineola, NY 11501
Telephone: (516) 248-3315

SO ORDERED.

_____          Dated: _____, 2013
Leonard D. Wexler                               Central Islip, New York
United States District Judge

11

JOHN J. RICOTTA, M.D.

_____
John J. Ricotta, M.D.

STATE OF _____
COUNTY OF _____

Sworn before me this ____ of
June 2013

_____
Notary Public

Dated: June 7, 2013
      Mineola, New York

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*

_____
By: Valerie Singleton, Assistant Attorney
General in Charge
Nassau Regional Office
200 Old Country Road, Suite 240
Mineola, NY 11501
Telephone: (516) 248-3315

SO ORDERED.

_____
Leonard D. Wexler
United States District Judge

Dated: 7/8, 2013
      Central Islip, New York

11